UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

          Plaintiff,

   v.

JOSHUA JOSEPH MARTINEZ,

         Defendant.

Case No.  15-cr-00314-YGR-1   (KAW)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISCLOSURE OF INFORMANT**

Re: Dkt. No. 45

Before the Court is Defendant Joshua Joseph Martinez's motion for disclosure of informant.  (Mot., Dkt. No. 45.)  The government opposes the motion.  Having carefully considered the papers filed by the parties, the arguments advanced by counsel at the hearing on the motion, and the relevant legal authority, the motion is GRANTED IN PART AND DENIED IN PART.

## I.     BACKGROUND

On June 11, 2015, Defendant was charged in an indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii) and distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii).  (Dkt. No. 1.)  The charges stem from Defendant's alleged sale of approximately 54.6 grams of methamphetamine to an undercover ATF agent, a transaction allegedly brokered in part by a confidential informant. (Mot. at 4; Moel Decl. ¶¶ 2, 3.)

On March 10, 2016, Defendant moved for disclosure of (1) the confidential informant's identity, address, and whereabouts, (2) a description of all consideration provided by the government to the informant in exchange for his cooperation, (3) a list of all criminal

investigations or prosecutions in which the informant cooperated with the government, (4) the informant's criminal history, and (5) all other relevant information bearing on the informant's credibility.  (Mot. at 1.)  The government filed its opposition to the motion on March 24, 2016. (Opp'n, Dkt. No. 52.)  Defendant filed his reply on March 31, 2016.  (Reply, Dkt. No. 53.)  The government filed a sur-reply on April 7, 2016, along with a supporting declaration from Special Agent Daniel Garza, which is lodged under seal solely for the Court's in camera review.  (Sur-Reply, Dkt. No. 57; Garza Decl., Dkt. No. 60.)

## II.     LEGAL STANDARDS

### A.     Disclosure of confidential informant under *United States v. Roviaro*

To gain access to an informant's identity, the defendant must articulate facts showing that "in an actual trial of a federal criminal case," the informant can provide information "relevant and helpful to the defense of an accused" or "essential to a fair determination of [a] cause"—especially where the informant is an active participant or witness to the charged offense.  *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *McCray v. Illinois*, 386 U.S. 300, 309-10 (1967).  Disclosure of an informant's identity is proper when there is "more than a 'mere suspicion' of the value" of the informant's information.  *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993), quoting *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).  The defendant carries the burden of demonstrating the need for disclosure.  *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1993).

Should the Court conclude that disclosure of the informant's identity might be necessary, the Court must balance several factors, including, but not limited to: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure.  *Roviaro*, 353 U.S. at 62; *United States v. Si Keung Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989); *United States v. Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990) (per curiam).  This assessment requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Roviaro*, 353 U.S. at 62.  Other "relevant factors" include consideration of the informant's safety following disclosure.  *Wong*, 886 F.2d at 256.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

### B.     Production of discovery materials under *Brady/Giglio*

Due process imposes an "inescapable" duty on the prosecutor "to disclose known, favorable evidence rising to a material level of importance."  *Kyles v. Whitley*, 514 U.S. 419, 438 (1995); *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Favorable evidence includes both exculpatory and impeachment material that is relevant either to guilt or punishment.  *See United States v. Bagley*, 473 U.S. 667, 674-76 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The prosecutor is charged with knowledge of any *Brady* material of which her office or the investigating law enforcement agency is aware.  *See Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006) (per curiam).

### III.     DISCUSSION

The parties agree that the informant is a percipient witness who will testify at trial.  (Opp'n at 7; Reply at 1.)  The parties also agree that the government is required to disclose his identity. (Opp'n 7; Reply at 1.)[1]  The government further recognizes that the informant's criminal history and other relevant impeachment material will need to be produced "at some point closer to trial." (Opp'n at 2.)

The instant dispute, then, only concerns when the disclosure of this information will occur. Defendant contends that in the absence of any showing of danger to the informant, the Court should order the government to disclose the requested materials eight weeks before trial.  (Reply at 1.)  The government proposes that the materials be disclosed three weeks before trial.  (Opp'n at 2, 4.)  At the hearing, however, the government conceded that if disclosure of this information were ordered four weeks before trial on an attorneys' eyes only basis, its safety concerns would be adequately addressed.  Defendant also indicated that he has no objection to the government's proposal that disclosure be made to him only seven days before trial.

The government contends that disclosing the information at issue three weeks before trial "is more than adequate to allow the defense to prepare for trial in this case."  (Opp'n at 9.)

---

[1] At the hearing on the motion, the government stated that it did not intend to call the informant as a witness in its case-in-chief.  It did not indicate whether the witness might be called as a rebuttal witness.

3

United States District Court
Northern District of California

1    Defense counsel asserts that in her "experience, three weeks is not close to enough time to conduct

2    a thorough investigation of an informant who apparently has a significant criminal history and has

3    been working on behalf of the ATF for some time, perhaps years." (Reply at 4.)  She also explains

4    that "[o]nce the materials are disclosed, appointed counsel will need to apply to the CJA Unit and

5    the Court for funding for the resulting investigation.  As a result, disclosure three weeks before

6    trial actually affords the defense far less time to prepare for trial."  (*Id.* n.3.)

7            Defendant does not cite to a single case in which the court has ordered production of

8    materials related to a confidential informant due to funding constraints or because the time

9    proposed by the government was insufficient, in defense counsel's experience, to prepare, and the

10   authority cited by Defendant concerning massive gang prosecutions is inapposite.  *See* Reply.

11   Nonetheless, given the informant's role in the transaction giving rise to the charges Defendant is

12   facing, and in light of the government's concession that the identity of the informant will need to

13   be disclosed prior to trial, it cannot be said that the disclosure of the informant's identity would not

14   be "relevant or helpful" to the preparation of the defense.  Moreover, the confidential informant's

15   involvement in the criminal activity is significant, and information relating to the confidential

16   informant may bear on a potential entrapment defense.[2]  The Court acknowledges, however, the

17   government's interest in maintaining the confidentiality and safety of its informants, a concern that

18   is sufficiently justified in light of Special Agent Garza's declaration.

19           Nonetheless, at the hearing, the government conceded that ordering disclosure of the

20   confidential informant's identity four weeks before trial on an attorneys' eyes only basis would

21   sufficiently address its safety concerns.  In light of the foregoing, the Court orders the Government

22   to release the confidential informant's identity, address, and whereabouts four weeks before trial

23   on an attorneys' eyes only basis.[3]  *See United States v. Aguilar*, No. CR 07-0030 SBA, 2007 WL

24   _____

25   [2] Defense counsel states "[b]ased on my preliminary review of the discovery in this matter, I
     anticipate Mr. Martinez will assert a defense of entrapment at trial.  Mr. Martinez appears to have

26   been induced by an individual holding himself out to be his friend, to engage in the delivery and
     sale of drugs from another person to the ATF."  Moel Decl. ¶ 4.

27   [3] The Court has not considered the argument advanced by defense counsel for the first time at the
     hearing.  She argued that if the confidential informant's identity was disclosed in previous cases,

28   that disclosure may erode any privilege that might attach in this case.  That argument was not

United States District Court
Northern District of California

4219370, at *5 (N.D. Cal. Nov. 28, 2007) (allowing disclosure of confidential informant's identity seven days before trial).  Disclosure shall be made pursuant to a suitable protective order, which counsel shall draft jointly and submit for this Court's approval prior to the production of the materials at issue.  Only disclosure of the confidential informant's identity shall be made seven days before trial.

**B.      Production of discovery materials relating to the confidential informant**

Defendant also asks for disclosure of a description of all consideration provided by the government to the informant in exchange for his cooperation, "specification of all criminal investigations or prosecutions in which the informant cooperated with the government," the informant's criminal history, and all other relevant information bearing on the informant's credibility.  (Mot. at 1.)  As mentioned above, the government recognizes that the informant's criminal history and other relevant impeachment material will need to be produced "at some point closer to trial."  (Opp'n at 2.)

The government, however, disputes whether Defendant is "entitled to the [s]pecification of all criminal investigations or prosecutions in which the informant cooperated with the government," arguing that the information is irrelevant, not material to the preparation of the defense, or "protected under Rule 16(a)(2) and/or other applicable law enforcement privilege." (Opp'n at 11; Sur-Reply at 6.)  The government's conclusory assertion of privilege is insufficient to avoid disclosure of the material at issue.  The three out-of-circuit cases cited by the government are inapposite, as they concern material that is unlike the "specification" sought here.  *See U.S. v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986) (recognizing qualified government privilege not to disclose sensitive investigative techniques); *U.S. v. Ghailani*, 687 F. Supp. 2d 365, 369 (S.D.N.Y. 2010) (memorandum described by the government as "something of an order of proof with respect to Ghailani" was protected against disclosure regardless of its materiality); *U.S. v. Williams*, 792 F. Supp. 1120, 1131 (S.D. Ind. 1992) (all communications with state or local law enforcement personnel regarding the prosecution of the case were protected from disclosure).

timely raised in Defendant's papers.

United States District Court
Northern District of California

1    As to relevance and materiality, the Court agrees with Defendant.  Defendant argues that

2    "the records might include evidence the informant has received additional case or pecuniary

3    consideration from the government, that the informant has pressured or otherwise induced other

4    defendants to engage in narcotics transactions, or that the informant has provided the government

5    with other individuals to target without first knowing whether that individual was predisposed to

6    commit the crime."[4]  (Reply at 6.)  As Defendant argued at the hearing, the confidential

7    informant's compensation for assisting the government in its investigations and prosecutions might

8    incentivize him or her to target individuals for the purpose of receiving even more compensation.

9    This would be relevant to the confidential informant's motive or bias, and for this reason, the

10   information sought should be disclosed.

11    Accordingly, the government shall produce the requested materials four weeks before trial

12   subject to the same protective order discussed above.

### IV.    CONCLUSION

14    For the reasons set forth above, Defendant's motion is GRANTED IN PART AND

15   DENIED IN PART.  Disclosure of the confidential informant's identity and related discovery shall

16   be disclosed on an attorneys' eyes only basis four weeks before trial.  Only disclosure of the

17   confidential informant's identity shall be made to Defendant seven days before trial.  If defense

18   counsel wishes to present information demonstrating a need to disclose any other information

19   directly to Defendant, she may request such leave from the undersigned at the appropriate time.

20   Prior to disclosure of any information relating to the confidential informant, the parties shall

21   jointly draft and submit a protective order for the undersigned's approval.

22    IT IS SO ORDERED.

23   Dated: 05/03/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[4] As the government acknowledged, discussion of whether Defendant was predisposed to commit the crime is premature at this time.

6